IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-00577-MSK-CBS

ASSURANCE COMPANY OF AMERICA, a New York corporation,

        Plaintiff,

v.

LOCAL X, LLC, a Colorado limited liability company,

        Defendant.

## TRIAL PREPARATION ORDER
## -CIVIL

        To ensure that the parties are adequately prepared for trial, this Order sets deadlines, imposes requirements that supplement the Scheduling Order and imposes trial preparation requirements.

### A. Applicable Rules

        This proceeding is subject to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of Practice for the United States District Court for the District of Colorado and the MSK Civ. Practice Standards.  A copy of the Practice Standards is available from the Clerk's office or can be downloaded from the Court's website at http://www.cod.uscourts.gov/Home.aspx under Judicial Officers' Procedures.   Parties who are not represented by counsel (*pro se)* are responsible for knowledge of and compliance with all applicable rules and provisions of this Order.  References in this Order to "counsel" apply to parties appearing *pro se*.

If a party to this case is incarcerated, it is the responsibility of that party to provide a copy of this Order and all other orders issued in this case to his or her case manager. For purposes of attending a scheduled hearing by telephone, the case manager should contact the Courtroom Deputy Clerk, Patricia Glover at (303)335-2185 at least two business days prior to the hearing to make the necessary arrangements for the inmate to participate.

### B.  Dispositive and Rule 702 Motions

The deadline for filing Rule 702 motions shall be the same as that for filing of dispositive motions. If the dispositive motion deadline is changed, the Rule 702 deadline automatically changes to match it.

The format for dispositive motions is set out in MSK Civ. Practice Standard V.H, found at http://www.cod.uscourts.gov/Home.aspx under Judicial Officers' Procedures. The format for Rule 702 motions is found at http://www.cod.uscourts.gov/Home.aspx under Judicial Officers' Procedures. Failure to use the appropriate format may result in a delayed ruling on the motion. If determination of a Rule 702 motion is required for determination of a dispositive motion, please so state in the title of the Rule 702 motion.

### C.  Final Pre-Trial Conference

The Final Pre-Trial Conference in this case is set on the docket of the Honorable Marcia S. Krieger in the United States District Court for the District of Colorado, Courtroom A901, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, to commence at **10:00 a.m. on June 3, 2010.  Lead counsel who will try the case and the parties (or, in the case of legal entities, the representative of the entity who is expected to attend trial on behalf of the entity, or, if that person is not yet known, a representative of the entity with full authority to speak on behalf of and bind the entity) shall attend**.

The purposes of the conference are to ensure that the parties will be **fully prepared** to set and proceed to trial.  At the hearing, the Court will review the Proposed Pre-Trial Order, determine what disputed issues will need to be tried, and determine what facts are stipulated and what facts remain in dispute.  In addition, the Court may resolve some or all pending motions, set such other deadlines or hearings as required, and, if the Court determines the parties are prepared for trial, set a firm trial date.  Counsel should bring calendars and know the availability of their critical witnesses for a period of up to six months from the date of the conference so that trial can be set.

### D.  Proposed Pre-Trial Order

For this case to be tried, the parties must: (1) have made final determinations as to which claims and affirmative defenses will be tried; (2) know the elements of such claims and affirmative defenses; (3) stipulate to all undisputed facts; and (4) know what evidence will be presented to establish the facts in dispute.

Counsel shall meet and confer sufficiently in advance of the Pre-Trial Conference to jointly develop and file a Proposed Pre-Trial Order.  The parties shall file the joint Proposed Pre-Trial Order at least **14 days before the conference**.  Except as specifically modified herein, parties should use the format of Appendix G of this Court's Local Civil Rules for the Proposed Pre-Trial Order, available at the Court's website.  *See* http://www.cod.uscourts.gov/Home.aspx (Forms).

However, such format shall be modified as follows:

**Section 3: Claims and Defenses** – Parties are encouraged to omit a narrative summary of the claims, defenses, facts, and legal theories.  If a party includes a narrative summary, such summary shall not exceed one page in length.

Regardless of whether a narrative is included, this section **MUST** include a separate enumeration of <u>each</u> claim and <u>affirmative</u> defense to be tried.  For each claim and affirmative defense, the parties shall designate:

1) which party has the burden of proof;

2) the standard of proof;

3) if the claim is governed by state law, the state whose law controls the claim; and

4) each element, separately stated.  For each element, the parties should state whether the necessary facts are stipulated.  If not, the party with the burden of proof must state the fact(s) it intends to elicit in order to prove the element, referring specifically to each witness and exhibit that will be presented to establish the fact.

An example of the proper form and content of the Statement of Claims and Defenses is attached to this Order. Any claims or affirmative defenses not specifically identified and supported as required above will be deemed waived. .

**Section 4:  Stipulations of fact** – The purpose of trial is to determine the truth as to <u>disputed</u> facts, then for the jury or Court to apply the law to all of the facts – stipulated and determined.  Parties must stipulate to all material facts that are not reasonably in dispute.  A party who refuses to stipulate to a particular fact should be prepared to identify and produce specific items of contradictory evidence, or to identify the anticipated source of such evidence and demonstrate why such evidence could not previously have been obtained.  FED.R.CIV.P. 11(b)(4).

Please be cognizant of the difference between disputing the <u>existence</u> of a fact and disputing the <u>significance</u> of that fact.  A stipulation to the existence of fact (*e.g.* that the sun set at 7:00 p.m. on the day in question) does not prevent the party from arguing as to the

significance of that fact (*e.g.* that there was or was not adequate daylight at 7:30 p.m.).  A dispute between parties as to the significance of a fact does not justify a refusal to stipulate to a fact whose existence is not disputed.

**Section 5: Pending motions** – In addition to the information required in Appendix G, parties shall also identify all motions either party anticipates making prior to trial, including the specific relief to be requested.

**Section 6:  Witnesses** – In lieu of the designations required in Appendix G, the parties shall attach a single, joint list of all witnesses.  The form is found at: http://www.cod.uscourts.gov/Home.aspx under Judicial Officers' Procedures.  Do not designate witnesses as "may call" or "will call."  Unless the parties stipulate that a certain witness shall be present, the party desiring the witness' attendance must secure it.  Include the maximum estimated length of time necessary for direct and cross-examination of each witness.  Time listed for direct examination should include redirect examination. Witnesses who will be called in both the Plaintiff's and Defendant's cases should be listed once, with the amount of time estimated for Plaintiff's direct examination, Defendant's direct examination, Plaintiff's cross-examination, and Defendant's cross-examination separately listed in the appropriate columns.

**Section 7:  Exhibits** – Exhibits shall be listed on a single joint exhibit list using the form available at  http://www.cod.uscourts.gov/Home.aspx under Judicial Officers' Procedures. Exhibits shall be numbered without identification as to Plaintiff's or Defendant's exhibits. Parties may use the same exhibit numbers as used in pretrial discovery.  The provisions of subsection (b) of Appendix G regarding the filing of objections to exhibits are waived.  All objections are reserved for trial.  Counsel shall exchange exhibits at least three business days before trial.  Hard copies of the exhibits to be used at trial should be put in notebooks (original

for the witness; copy for the Court). Please only put exhibits you are certain to admit in the notebooks; exhibits that <u>might</u> be used depending on the progress of trial and exhibits anticipated for impeachment or rebuttal can be added to the notebooks during the trial if they are admitted. Exhibit notebooks shall be given to the Courtroom Deputy Clerk on the first day of trial.

### E.  Trial Scheduling

The parties shall be prepared to advise the Court as to the minimum number of days needed for trial. A firm trial date will be set at the time of the Final Pre-Trial conference. The trial date will be set as close to the Final Pretrial Conference date as possible, preferably within 30-60 days from the date of the Conference. Where two or more counsel represent one party, and one is unavailable due to calendar conflicts, the trial may be set with the anticipation that it will proceed with only one attorney appearing for such party.

Please note that jury trials begin on Monday afternoons at 1:00 p.m. and bench trials begin on Tuesday mornings at 9:00 a.m. With approximately six hours available per trial day, one week jury trials usually allow for only 20 hours for presentation of evidence, opening and closing statements, and argument on evidentiary objections and trial motions. (This calculation excludes opening statements of 15 minutes for each side, closing arguments of one-half hour for each side, jury selection, charging conference and initial and concluding instructions for the jury. If more time is necessary for any of these, request should be made at the Final Pretrial Conference.) One week bench trials usually allow for 24 hours for presentation of all evidence, opening and closing statements, objections, and arguments. Absent objections made at the Final Pre-Trial Conference, a chess clock will be used to divide trial time equally between Plaintiff(s) and Defendant(s).

Any problems in the trial setting or special needs for witness scheduling shall be

addressed at the Final Pre-Trial Conference. Except as agreed by counsel, designated witnesses shall be available during the entire trial period and their unavailability will not constitute a basis for delay in or continuance of the trial. Counsel should always have a sufficient number of witnesses available to testify such that recesses or early adjournments of the trial day will not be necessary.

At the time fixed for trial, all parties shall be present and ready to proceed. If any party is absent or unprepared to proceed, judgment may be entered forthwith in favor of the opposing party or the time of unavailability credited against the party's share of the trial time. If both parties are absent or unprepared, the case may be dismissed, and costs, fees or sanctions may be imposed against either or both parties and/or their counsel.

### F. Modification of Order

This Order **may not be modified by agreement of the parties**. Upon timely, written application, however, any party may seek modification as may be necessary to meet a *bona fide* emergency, to avoid irreparable injury or harm, or as may otherwise be necessary to do substantial justice. Extensions of time and continuances will <u>not</u> normally be granted for "press of other business" or for circumstances that could reasonably have been anticipated by counsel.

**Failure to comply with the provisions of this Order or the applicable procedural rules may result in imposition of sanctions including, but not limited to, vacation of the trial, barring the presentation of evidence, dismissal of claims or defenses, entry of default or awards of fees and costs in accordance with FED.R.CIV.P. 16 and 37**.

DATED this 16th day of June, 2009.

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge

Attachment to Trial Preparation Order

**Example**:

*Claim 1: Breach of contract under Colorado law*
   Plaintiff has burden of proof by a preponderance of the evidence

      **Elements:**   **(1)-(3) offer, acceptance, consideration**
          (a) the parties stipulate that these elements are satisfied
        **(4) performance by the plaintiff**
          (a) On March 3, 2004, Peter Plaintiff delivered one crate of widgets to Widget Packers, Inc. (Testimony of Peter Plaintiff; Don Defendant; Exhibits 1, 4)
          (b) The widgets conformed to the specifications in the contract. (Testimony of Peter Plaintiff; Exhibit 2)
          (c) The widgets were delivered on the date set by the contract. (Exhibit 2)
        **(5) non-performance by the defendant**
          (a) Widget Packers, Inc. failed to remit payment on the terms set by the contract. (Testimony of Barry Bookkeeper; Exhibit 2)
          (b) Peter Plaintiff has made several written demands for payment. (Peter Plaintiff; Exhibits 3, 5, 7)
        **(6) damages**
          (a) Peter Plaintiff has been damaged in the contract amount of $10,000. (Testimony of Peter Plaintiff; Exhibit 2).

*Claim 2: Unjust Enrichment under Colorado law*
   Plaintiff has burden of proof on all elements by a preponderance of the evidence

      **Elements:**   **(1) Defendant has received a benefit**
          (a) On March 3, 2004, Peter Plaintiff delivered one crate of widgets to Widget Packers, Inc. pursuant to a contractual agreement. (Testimony of Peter Plaintiff; Don Defendant; Exhibits 1, 2, 4).
        **(2) the benefit is at the Plaintiff's expense**
          (a) Widget Packers, Inc. failed to remit payment on the terms set by the contract. (Testimony of Barry Bookkeeper, Exhibit 2)
        **(3) justice requires that Defendant reimburse the Plaintiff for the benefit received**
          (a) The widgets have a market value of $15,000. (Testimony of Peter Plaintiff)
          (b) Don Defendant is in breach of the contract. (Testimony of Peter Plaintiff)

*Affirmative Defense to Claim 2:  Failure to mitigate under Colorado law*

Defendant has burden of proof on all elements by a preponderance of the evidence

**Elements:** **(1) Plaintiff had a reasonable opportunity to avoid injury**

(a) On March 5, 2004, Don Defendant left a message on Peter Plaintiff's voice mail offering to return the crate of widgets unopened.  (Testimony of Don Defendant; Peter Plaintiff)

(b) On March 8, 2004, Don Defendant wrote to Peter Plaintiff, offering to assign the contract for the purchase of widgets to WidgetCo.  (Don Defendant; Warren Widget; Exhibit 6)

**(2) Plaintiff unreasonably failed to avail itself of opportunities to avoid injury**

(a) Peter Plaintiff did not respond to the March 5, 2004 message.  (Don Defendant)

(b) Peter Plaintiff did not respond to the March 8, 2004 letter.  (Don Defendant)